UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CASE NO.: 11-cv-188-HJW-JGW

KAREN RUSSELL,                                                    PLAINTIFF

v.

CATHOLIC HEALTHCARE                                      DEFENDANTS
PARTNERS EMPLOYEE LONG
TERM DISABILITY PLAN, et al.,

## REPORT AND RECOMMENDATION

Before the Court is plaintiff's motion to set aside the judgment in this case (Doc. 41).

Defendants responded in opposition (Doc. 42) and plaintiff filed a reply brief (Doc. 44-1[1]).  The

motion is now ripe for decision.

As a preliminary matter, plaintiff has requested oral argument on the motion.  Because of

the Court's familiarity with the case and the parties' thorough briefing of the issues, the Court

believes that unnecessary and denies the request.

### I.  Factual Background and Procedural Posture

On March 30, 2011, plaintiff filed a complaint against defendants to recover long term

disability benefits under the Employee Retirement Income Security Program ("ERISA"), 29

U.S.C. § 1132(a)(1)(B).  Doc. 1.  Therein, plaintiff pleaded: "Defendant Catholic Healthcare

Partners Employee Long Term Disability Plan (Policy No. 531706 701) . . . is an employee

welfare benefits plan regulated by [ERISA] . . . ."  *Id.* at 1.  In the two years since, the parties

---

[1]In conjunction with this report and recommendation, the Court has filed a related order
dealing with plaintiff's motion for an extension to file its reply (Doc. 44), as well as defendants'
motion to stay discovery (Doc. 43).

have conducted some discovery, participated in a Court-led settlement conference (Doc. 13), and filed cross-motions for judgment, with responses and replies submitted for each (Docs 23, 25, 31, 32, 33, and 34).  This Court entered a report and recommendation to grant defendants' motion to uphold the administrative decision, deny plaintiff's motion to reverse the same, and dismiss the case.  Doc. 35.  Judge Weber adopted those recommendations on February 25, 2013, and entered judgment for defendants, dismissing the case.  Docs. 39, 40.

Two weeks later, plaintiff filed a motion to set aside the judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure, which permits the court to "relieve a party . . . from a final judgment . . . [if] the judgment is void."  Doc. 41.  Plaintiff asserts that the Court lacks subject matter jurisdiction over plaintiff's claims because the defendant plan is a "church plan" that (pursuant to 29 U.S.C. 1003(b)(2)) is not subject to ERISA.  Doc. 41 at 2.  Plaintiff maintains that she filed this motion after discovering a recent decision from this distict, *Fischbach v. Community Mercy Health Partners*, 2012 WL 4483220 (S.D. Ohio, Sept. 27, 2012).  Plaintiff also seeks discovery on the issue of whether defendant plan is a "church plan."  *See* Doc. 43.

## II.  Analysis

Defendants argue that plaintiff is incorrect on the law.  They assert that whether defendant is an ERISA plan is a substantive rather than jurisdictional issue, and that plaintiff waived the element by filing suit in federal court under ERISA and prosecuting the action to judgment.  Doc. 42.  Defendant cites recent Sixth Circuit caselaw for this proposition.  *Daft v. Advest, Inc.*, 658 F.3d 583 (6th Cir. 2011).

In *Advest*, the plaintiffs filed suit in state court alleging the defendants' refusal to pay their accrued benefits under their former employer's defined benefit plan amounted to breach of

contract and the covenant of good faith and fair dealing.  Defendants' removed the case to federal court, alleging that the plan fell under ERISA, which preempted the state law claims.  *Id.* at 586.  The District Court ultimately granted judgment for the plaintiffs under ERISA.  In a post-judgment motion, defendant argued that the district court lacked subject matter jurisdiction over the case because the plan did not meet the definition of an "employee pension benefit plan" under ERISA.  *Id.* at 587.  The district court determined that the plan did meet that definition and thus that the court had jurisdiction.

The defendant restated its argument on appeal to the Sixth Circuit.  The Court held "that the existence of an ERISA plan is a nonjurisdictional element of Plaintiff's ERISA claim."  *Id.* The Sixth Circuit based its decision on *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006).  In *Arbaugh*, the Supreme Court held that the fifteen employee requirement in Title VII's definition of "employer" is not a jurisdictional threshold, but merely "relates to the substantive adequacy of [the plaintiff's] Title VII claim."  *Id.* at 516, 504.  Noting that these two issues are often conflated, the Supreme Court cited the burdensome implications of making the numerosity requirement in Title VII jurisdictional, namely that it could never be waived and that courts would have an independent obligation to investigate and determine the issue even when not raised by the litigants.  *Id.* at 511, 514.  As a result, "the Court imposed the 'readily administrable bright line' rule that Congress must 'clearly state that a threshold limitation on a statute's scope shall count as jurisdiction.'  Conversely, 'when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.'"  *Advest*, 658 F.3d at 590 (quoting *Arbaugh*, 546 U.S. at 515-16).  The Court reviewed the statutory structure of Title VII, finding that its jurisdictional provision

3

(42 U.S.C. § 2000e-5(f)) is separate from its definition of "employer" (42 U.S.C. § 2000e(b)). That structure is in contrast with, for instance, the statute authorizing subject matter jurisdiction for diversity of citizenship (28 U.S.C. 1332).  Rather than separating the two, that statute contains a monetary threshold in the same provision, and it is therefore deemed jurisdictional. *Arbaugh*, 546 U.S. at 514-15.

In *Advest*, the Sixth Circuit analyzed ERISA under the *Arbaugh* rubric.  ERISA's jurisdictional provision (29 U.S.C. § 1132(e)(1)) "does not 'specify any threshold ingredient' on which that jurisdiction depends," as there is a separate provision defining an "employee pension benefit plan."  *Advest*, 658 F.3d at 590 (quoting *Arbaugh*, 546 U.S. at 515).  The Court held that "the existence of an ERISA plan must be considered an element of plaintiff's claim under [29 U.S.C. § 1132](a)(1)(B), not a prerequisite for federal jurisdiction."  *Id*. at 591.  The Court also documented certain issues of fairness that impacted the Supreme Court's reasoning against finding such issues jurisdictional, noting that the defendant invoked federal jurisdiction in the first place and only raised the issue after plaintiff's victorious summary judgment motion, following three years of litigation.  *Id*. at 593.

As defendants argue, *Advest* is directly on point and controlling.  Just as ERISA's jurisdictional provision (29 U.S.C. § 1132(e)(1)) does not predicate jurisdiction on whether a plan meets the definition of an "employee pension benefit plan," it likewise does not condition jurisdiction on whether or not a plan meets the definition of a "church plan."  Both the provision defining what qualifies as a "church plan" (29 U.S.C. § 1002(33)) and the provision stating whether such a plan is covered by ERISA (29 U.S.C. § 1003(b)(2)) are separate from ERISA's

4

jurisdictional provision.[2]  Finally, as was the case in *Advest*, fairness issues highlight the reasoning undergirding this decision, as it was plaintiff who invoked federal jurisdiction in the first place and then, some two-plus years into the litigation,after defendant was granted summary judgment, raised this issue.  Therefore, whether defendant plan was a "church plan" exempt from ERISA should be held to be a substantive element that can be, and was in this case, waived, not a jurisdictional prerequisite.

    *Fischbach v. Community Mercy Health Partners*, 2012 WL 4483220 (S.D. Ohio, Sept. 27, 2012), which plaintiff cites, only supports this conclusion.  There, the defendant plan asserted it was an exempt "church plan" in a motion for summary judgment, thereby preserving the defense.  *See* Case No. 11-cv-16, Doc. 24.  The defendant did not argue that the court lacked jurisdiction and the court, in granting the motion, did not so hold.  In fact, the court implicitly asserted subject matter jurisdiction, as it found that the plaintiff's ERISA claim also failed for alternative substantive reasons.  *Fischbach* at *16.[3]

### III.  Conclusion

    In sum, whether a plan is a "church plan" not subject to ERISA should be deemed a

---

[2]Additionally, under 29 U.S.C. § 1003(b)(2), "church plans" may elect to be subject to ERISA under 26 U.S.C. § 410(d), which would only further complicate matters were this to be deemed jurisdictional in nature.

[3]In her reply brief, plaintiff also quotes a passage from *Advest* in support of its motion.  The passage states, "federal subject-matter jurisdiction lies over Plaintiffs' suit as long as they raise a colorable claim under ERISA."  Plaintiff argues this shows that jurisdiction does not lie in this case, as plaintiff's claim against a "church plan" is not colorable under ERISA.  The remaining portion of that passage, which plaintiff does recite, however, makes its import clearer: "federal jurisdiction exists over Plaintiff's ERISA claim unless the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous."  *Advest*, 658 at 593.  That is clearly not the case, here (which is to plaintiff's credit, as otherwise she would be admitting to filing a frivolous suit).

substantive element of an ERISA claim, not a jurisdictional question.  As a result, plaintiff should be deemed to have waived the defense and her motion to set aside the judgment should be denied.  Accordingly,

**IT IS RECOMMENDED:**

Plaintiff's motion to set aside the judgment [Doc. 41] should be **DENIED**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived.  Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985).  A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)).  Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  *Howard*, 932 F.2d at 509.  A party may respond to another party's objections within fourteen days of being served with a copy of those objections.  Fed. R. Civ. P. 72(b)(2).

This the 3rd day of May, 2013.

s/ J. Gregory Wehrman
J. Gregory Wehrman
United States Magistrate Judge