UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAREN RUSSELL,

          **Plaintiff**

        v.                          Case No. 1:11-cv-188-HJW

CATHOLIC HEALTHCARE
PARTNERS EMPLOYEE LONG
TERM DISABILITY PLAN, et al.,

          **Defendants**

## ORDER

This matter is before the Court upon the plaintiff's "Motion to Set Aside Judgment" (doc. no. 41), which defendants oppose. The Magistrate Judge entered a "Report and Recommendation" (doc. no. 47), recommending that the motion be denied. Plaintiffs filed "Objections" (doc. no. 48), and defendants responded (doc. no. 49). Having carefully considered the record, including the objections, briefs, and applicable authority, the Court will <u>overrule</u> the objections, <u>affirm</u> the Magistrate Judge's recommendations, and <u>deny</u> the plaintiff's motion for the following reasons:

### 1. Background

On March 30, 2011, plaintiff Karen Russell filed the present federal complaint, captioned as "Complaint for Breach of the Employer Retirement Income Security Act of 1974" (doc. no. 1). Plaintiff alleged that the defendant Catholic Healthcare Partners Employee Long Term Disability Plan ("the "Plan") is

1

"an employee welfare benefits plan regulated by . . . ERISA" (¶ 2). Under the heading "Jurisdiction," plaintiff alleged "[t]his action is brought under 29 U.S.C. § 1132 and the Employer Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq." The complaint asked for restoration of plaintiff's "long-term disability benefits plus reasonable attorney fees and costs as provided by 29 U.S.C. § 1132(g)(1)" (¶¶ 10-11) and "legal relief" against defendant Unum Life Insurance Company of America ("Unum") as fiduciary of the plan (¶¶ 12-18).

Upon submission of the administrative record (doc. no. 9), the parties filed briefs regarding the administrative decision to deny benefits (doc. no. 25, 31, 33). Plaintiff indicated the Plan was "issued and administered by defendants under the Employment Retirement Income Security Act of 1974" (doc. no. 23 at 1). Defendants also asserted that ERISA "governs" the plaintiff's claim for denial of benefits (doc. no. 25 at 1). Neither side suggested that the plan was *not* subject to ERISA.

The Magistrate Judge recommended that the plaintiff's claim was time-barred by the contractual three year period of limitations and that the Court should dismiss the case (doc. no. 35). Upon consideration of plaintiff's objections and *de novo* review of the record, the Court agreed. The Court entered judgment for defendants and dismissed the case (doc. no. 39). In its order, the Court specifically explained that plaintiff's was time-barred under the three-year limitations period specified in the contract.[1] The Court further explained that even

---

[1] **ERISA contains no statute of limitations for denial-of-benefits claims.**

if not time-barred, plaintiff's case would also fail on the merits because the administrative decision to discontinue benefits was not "arbitrary and capricious." Judgment was entered on February 25, 2013.

On March 15, 2013, plaintiff moved to set aside the judgment pursuant to Rule 60(b)(4). Although plaintiff had filed her complaint under ERISA, plaintiff argues in her post-judgment motion that this Court lacked subject-matter jurisdiction because plaintiff now believes the defendant plan may be a "church plan" not subject to ERISA. Plaintiff has furnished no evidence in support of such contention. Such issue was not raised prior to judgment. Defendants filed a brief in opposition, and plaintiff replied.

On May 3, 2013, the Magistrate Judge recommended that the plaintiff's motion to set aside judgment should be denied because under binding Sixth Circuit precedent, the issue of whether a plan is an ERISA plan is an element of the claim, not a jurisdictional issue. The Magistrate Judge further recommended that plaintiff had waived such non-jurisdictional argument by not presenting it earlier. Plaintiff filed objections, and defendant responded. This matter is ripe for consideration.

**II. Standard of Review**

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

3

**(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);**

**(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;**

**(4) the judgment is void;**

**(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or**

**(6) any other reason that justifies relief.**

Fed.R.Civ.P. 60(b). Under Rule 60(b), a party seeking to set aside a judgment must show the applicability of the rule. Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Johnson v. Unknown Dellatifa, 357 F.3d 539, 543 (6th Cir.), cert. denied, 543 U.S. 837 (2004). "The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." Barrier v. Beaver, 712 F.2d 231, 234 (6th Cir. 1983).

III. Discussion

Initially, the Court observes that plaintiff's motion was brought under Rule 60(b)(4), but that in the objections, plaintiff attempts to expand the arguments to include "alternatively" Rule 60(b)(1), (2), (3), and (6) (see doc. no. 48 at 3). Absent

4

compelling reasons, parties may not raise at the district court stage "new arguments or issues that were not presented to the magistrate." Murr v. U.S., 200 F.3d 895, 902 fn.1 (6th Cir. 2000), cert. denied, 540 U.S. 824 (2003); see also, e.g., Swain v. Commissioner, 379 Fed.Appx. 512, 518 (6th Cir. (Ohio) 2010) (citing Marshall v. Chater, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived")).

Turning to plaintiff's argument under Rule 60(b)(4), plaintiff indicates she had "incorrectly believed" that the Plan was an ERISA plan (doc. no. 48 at 1-2). Plaintiff's counsel indicates that after judgment was entered, he "became aware" that the defendant Plan may be a "church plan" that has not elected under the Internal Revenue Code to be subject to ERISA coverage. ERISA provides in relevant part that "[t]he provisions of this subchapter shall not apply to any employee benefit plan if — 2) such plan is a church plan (as defined in section 1002(33) of this title) with respect to which no election has been made under section 410(d) of Title 26." 29 U.S.C. § 1103(b)(2). Plaintiff urges that this Court therefore lacked subject-matter jurisdiction and that the judgment is "void."

In the first place, plaintiff provides no evidence to support the assertion that the Plan is a church plan. Absent any evidentiary support, such argument is speculative. Moreover, the Sixth Circuit Court of Appeals has expressly rejected the same type of jurisdictional argument asserted by plaintiff. Daft v. Advest, 658 F.3d 583 (6th Cir. 2011). There, the parties disputed whether a plan was subject to

ERISA. Like the present case, the plaintiffs in <u>Advest</u> had alleged improper denial of pension plan benefits under a plan, i.e. a "colorable claim." In considering whether the court had jurisdiction, the Sixth Circuit Court of Appeals paid close attention to the Supreme Court's holding that a rule is jurisdictional "[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional. . . . But when Congress does not rank a statutory limitation on a coverage as jurisdictional, courts should treat the restriction as non-jurisdictional in character." <u>Id</u>. at 590 (quoting <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 516 (2006)); see also, <u>Sebelius v. Auburn Reg'l Med. Center</u>, 133 S.Ct. 817, 819 (2013) ("Unless Congress has "clearly state[d]" that a statutory limitation is jurisdictional, the restriction should be treated "as nonjurisdictional" (quoting <u>Arbaugh</u>, 546 U.S. at 515–516).

Applying this to ERISA, the Sixth Circuit Court of Appeals observed that "[a]n examination of the relevant sections of ERISA does not reveal a clear statement from Congress that the existence of an ERISA plan constitutes a jurisdictional requirement." <u>Id</u>. at 590. The Sixth Circuit Court of Appeals therefore concluded that "in light of <u>Arbaugh</u> and its progeny, the existence of an ERISA plan must be considered an element of a plaintiff's claim under Section 502(a)(1)(B), not a prerequisite for federal jurisdiction." <u>Id</u>. at 590-591. In other words, "federal subject-matter jurisdiction lies over Plaintiffs' suit as long as they raise a colorable claim under ERISA." <u>Id</u>. at 593. Although plaintiff also argues that the complaint did not allege a "colorable claim" because the Plan is not

6

subject to ERISA (doc. no. 48 at 7), this characterization is simply the same jurisdictional argument in different garb. Given that plaintiff alleged the improper denial of benefits under the Plan pursuant to ERISA, the complaint alleged a "colorable claim." The decision in <u>Advest</u> governs here.

Plaintiff's counsel premises his contention (that the Plan may be a church plan) on information allegedly gleaned from the decision in <u>Fischback v. Community Mercy Health Partners</u>, 2012 WL 4483220 (S.D. Ohio). That decision was issued on Sept. 27, 2012, approximately six months prior to the judgment in the present case on February 25, 2013. According to plaintiff, the <u>Fischbach</u> decision is significant because it "involved a company (Community Regional Health Partners), which is 50% owned by the employer in the instant case, Catholic Health Partners" (doc. no. 48 at 2, fn.2). Such assertion is not accurate. In <u>Fischback</u>, a defense affidavit indicated that "Catholic Health Partners, the corporate parent of Catholic Health Partners—Western Ohio" held a fifty percent (50%) interest in *Community Mercy Health Partners*, and that the "Community Mercy Health Partners Contribution Retirement Plan satisfies the definition of, and is operated as a 'church plan.' " 2012 WL 4483220 at *15. In other words, as defendants accurately point out, <u>Fischback</u> involved a *different plan* than the present case. [2] Moreover, prior to summary judgment in that case, the defense

---

[2] Although plaintiff refers to <u>Fischback</u> as "newly acquired information" (doc. no. 48 at 2), plaintiff offers no explanation why this information could not have been presented earlier. In any event, the affidavit in <u>Fischback</u> concerned a different plan and would not amount to "newly discovered evidence" here for purposes of Rule 60(b)(2).

pointed out that their plan was not subject to ERISA. Notably, the <u>Fischback</u> court granted summary judgment to defendants on plaintiff's ERISA interference claim on several grounds, but did <u>not</u> find that it "lacked subject-matter jurisdiction."

Plaintiff correctly points out that <u>Fischback</u> cited a case from another circuit, <u>Chronister v. Baptist Health</u>, 442 F.3d 648, 651 (8th Cir. 2006) for the limited proposition that a church plan is not an ERISA plan. While <u>Chronister</u> indicated that the court would lack jurisdiction over a church plan, <u>Fischback</u> did not so hold (nor rely on <u>Chronister</u> for this further holding).[3] In <u>Advest</u>, the Sixth Circuit Court of Appeals observed that there is a circuit split on the issue and joined the growing majority position that the determination of whether a plan is an ERISA plan is *not* jurisdictional. Of particular importance here, the <u>Advest</u> decision is applicable to the present facts and is binding on this Court. Plaintiff's attempt to distinguish <u>Advest</u>, which involved a "top-hat" plan not subject to certain ERISA requirements, from the present case, which allegedly involves a "church plan" not subject to ERISA, is unpersuasive. The salient point is that while neither type of plan would be subject to ERISA, <u>Advest</u> holds that this is an element of the claim, not a jurisdictional matter. The Court would have jurisdiction in both situations, even if the complaints ultimately failed to state a claim for relief. Plaintiff acknowledges this (doc. no. 48 at 3 "If this Court possessed subject matter jurisdiction, then . . . Plaintiff failed to state a claim upon which relief can be granted"). Plaintiff's complaint was dismissed as time-

---

[3] In <u>Chronister</u>, the appellate court ultimately concluded the plan in question was not a church plan and that subject matter jurisdiction existed. <u>Id</u>. at 651.

barred, which is one way of "failing to state a claim" for relief. Although plaintiff argues that "the provisions of ERISA case law used to decide Plaintiff's claim were inapplicable," the time-bar in this case was a matter of contract, as ERISA does not contain a statute of limitations for such claims (Id.).

In light of the binding precedent in Advest, plaintiff has not shown that the judgment is void for lack of subject-matter jurisdiction. See also, e.g., DuBrul v. Citrosuco N. Am., Inc., 892 F.Supp.2d 892, 903 fn.3 (S.D.Ohio 2012) (J. Barrett) ("The parties dispute whether an agreement's status as an ERISA plan is a jurisdictional requirement or a merits determination. . . . Following Sixth Circuit precedent, the Court finds that it is a merits determination and not a jurisdictional requirement"); Morris v. Appalachian Reg'l Healthcare, Inc., 2013 WL 1856231 (E.D.Ky.) (J. Caldwell) ("The Court can exercise jurisdiction over the claims made in this action before determining whether the ReliaStar plan is governed by ERISA."). Plaintiff is not entitled to relief under Rule 60(b)(4).

To the extent any other subsections of Rule 60 may apply, plaintiff has not shown any mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud that would provide a basis to set aside the judgment pursuant to Rule 60(b)(1)-(3). Although plaintiff disagrees with the Court's decision that her claim is time-barred, "Rule 60(b) does not afford defeated litigants a second chance to convince the court to rule in his or her favor by presenting new explanation[s], new legal theories, or proof." Burnley v. Bosch Ams. Corp., 75 Fed. Appx. 329, 332–33 (6th Cir. 2003) (finding no abuse of discretion in denial of

Rule 60) (citing Jinks, 250 F.3d at 385); 11 Wright & Miller, Fed. Prac. & Proc. § 2858). Lastly, plaintiff has not shown any "exceptional or extraordinary circumstances" to justify relief pursuant to Rule 60(b)(6). See Cincinnati Ins. Co. v. Byers, 151 F.3d 574, 578 (6th Cir. 1998) (quoting Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989)).

**IV.  Oral Argument Not Warranted**

Local Rule 7.1(b)(2) provides that courts have discretion whether to grant requests for oral argument. The parties have extensively briefed the relevant issues. The Court finds that oral argument is not warranted. Yamaha Corp. of Am. v. Stonecipher's Baldwin Pianos & Organs, 975 F.2d 300, 301-02 (6th Cir. 1992); Schentur v. United States, 4 F.3d 994, 1993 WL 330640 at *15 (6th Cir. (Ohio)) (observing that district courts may dispense with oral argument on motions for any number of sound judicial reasons).

Accordingly, the Court hereby **OVERRULES** the plaintiff's objections (doc. no. 48); **AFFIRMS** the Magistrate Judge's Report and Recommendation (doc. no. 47); and **DENIES** the plaintiff's Rule 60 motion (doc. no. 41).

IT IS SO ORDERED.

                                                s/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court